```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
           Criminal No. 12-CR-178(JNE/FLN)
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **POSITION OF UNITED STATES** |
| v. | ) | **WITH RESPECT TO** |
| | ) | **SENTENCING FACTORS** |
| VICTORIA ABEJE AYOOLA, | ) | |
| a/k/a Oluremi George, | ) | |
| | ) | |
| Defendant. | ) | |

The United States by its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, and Assistant U.S. Attorney Andrew Dunne, hereby submits the following Position With Respect To Sentencing Factors in the above-captioned case.

The United States has reviewed the PreSentence Report (PSR) prepared by the U.S. Probation Office in the above-captioned case and has no objections to the factual findings and guideline calculations set forth therein.

**GUIDELINE CALCULATIONS**

**1.   Base Offense Level.**

The Government agrees with the PSR that, pursuant to U.S.S.G. § 2B1.1(a)(2), the Base Offense Level for a violation of 42 U.S.C. § 408(a)(7)(A) and 18 U.S.C. § 1001 is level 6. *See* PSR, ¶ 22.

**2.   Specific Offense Characteristics.**

The Government agrees with the PSR that, pursuant to U.S.S.G. § 2B1.1(b)(1)(C), a 4-level enhancement is applicable because the

defendant is responsible for a total loss in the amount of $18,114. *See* PSR, ¶ 23.

    **3.  Acceptance of Responsibility.**

The Government agrees with the PSR that, pursuant to U.S.S.G. § 3E1.1(a), a 2-level reduction for acceptance of responsibility is applicable. *See* PSR, ¶ 28.

    **4.  Criminal History Category.**

The Government agrees with the PSR that the defendant's Criminal History Category is category I. *See* PSR, ¶ 33.

    **5.  Applicable Guideline Range.**

The Government agrees with the PSR that based upon a Criminal History Category I, and a total offense level of 8, the applicable guideline range of imprisonment is 0-6 months. *See* PSR, ¶ 61.

    **6.  Fine.**

The Government agrees with the PSR that a fine in the amount of $18,114 be imposed upon the defendant in lieu of an order of restitution. *See* PSR, ¶ 16.  $18,114 represents the total loss incurred by the IRS and/or Pondview Townhomes due to the reduced rental rates provided to the defendant through the Low Income Housing Tax Credit Program based upon her fraudulent activities. *See* PSR, ¶ 16.  However, both of the victims have expressly disclaimed their right to receive restitution payments and requested the Government not to pursue restitution in this matter. *Id.* The victims have made these requests of the Government for the

reasons detailed in the PSR. *Id.* Rather, in order to have a mechanism to disgorge the defendant of her fraudulently obtained financial gain, the parties have agreed to jointly recommend to the Court that the defendant be ordered to pay a fine equal to an amount of the total loss incurred in this matter, $18,114. *See* Plea Agreement and Sentencing Stipulations, ¶ 6(j).

Under the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, courts are not required to order restitution if the victim declines the right to seek restitution. *See* United States v. Speakman, 594 F.3d 1165, 1175-79 (10th Cir. 2010). Accordingly, the United States is not requesting an order of restitution in this case.

## CONCLUSION

Based upon all of the above, the United States respectfully requests that the defendant be sentenced consistent with the PSR.

Dated: November 28, 2012

Respectfully submitted,

B. TODD JONES
United States Attorney

*s/ Andrew Dunne*

BY: ANDREW DUNNE
Assistant U.S. Attorney
Attorney ID No. 175195